**STATE OF VERMONT**
**ENVIRONMENTAL COURT**

| | | |
|---|---|---|
| | } | |
| In re Honora Vineyard Application | } | Docket No. 279-12-07 Vtec |
| | } | |

**Decision on Cross-Motions for Summary Judgment**

Appellants, a group of thirty people (hereinafter referred to as "Neighbors") who are either Halifax residents or have homes near the Honora Winery & Vineyard, have appealed a November 27, 2007 determination by the Town of Halifax Zoning Board of Adjustment ("ZBA") that Honora's zoning permit amendment application should be deemed approved. Neighbors are represented by J. Christopher Callahan, Esq. The Town of Halifax ("Town") is represented by Robert M. Fisher, Esq. The permit applicants—the Honora Winery & Vineyard, Harry Farrington, and Patricia Farrington (collectively, "Honora")—are represented by Stephen R. Phillips, Esq.

Honora and Neighbors have filed cross-motions for summary judgment. Our Decision here addresses all pending motions.

**Factual Background**

For the sole purpose of putting the pending motions in context, we recite the following facts, which we understand to be undisputed unless otherwise noted:

1. Applicants operate a winemaking facility and related agricultural operations on their Halifax property, located on Collins Road, pursuant to a pre-existing light industrial conditional use and site plan zoning permit (Permit #06-38), issued by the ZBA and Town of Halifax Planning Commission ("Planning Commission") on August 25, 2006.

2. On September 4, 2007, Honora submitted an application to the Town of Halifax Zoning Administrator ("Zoning Administrator") to amend its conditional use and site plan approvals,[1] so that it could renovate an existing barn, construct a small addition to that barn, and operate an events center ("Event Center") from the renovated barn to host wine tastings, weddings, conferences, festivals, and educational programs. (See Honora's Ex. B.)

---

[1] Honora's application was submitted on a form entitled "ZONING PERMIT APPLICATION FOR PERMITTED USES." On the top of the form is a hand-written notation "Conditional Use: Event Center Fee Due $100.00." While there is no reference to an amendment of the site plan on this original application, we infer it from the subsequent materials Honora submitted in support of its application, including a revised site plan. See ¶ 9, below.

3. Under a prior version of the Town of Halifax Zoning Regulations ("Regulations"), an application for conditional use approval was supposed to be referred to and decided upon by the ZBA. An application for site plan approval was supposed to be referred to and decided upon by the Planning Commission. By amendment adopted on March 6, 2007 the Regulations granted added responsibility to the ZBA, so that the ZBA could conduct site plan review when applied for simultaneously with a conditional use review application. See Regulations § 203(3)(e). It is this amended version of the Regulations that were in effect at the time Honora first filed its conditional use and site plan amendment application with the Zoning Administrator.[2]

4. On September 11, 2007, the Zoning Administrator simultaneously referred Honora's application for an amendment to its conditional use and site plan approval to both the ZBA and Planning Commission.[3] The record before us does not reveal why this application referral was made to both municipal panels, even though the recent amendment to the Regulations vested responsibility in the ZBA alone for combined review of conditional use and site plan applications.

5. In connection with the then-recent amendments to the Regulations, the Town revised its application forms. After making his referral to the ZBA and the Planning Commission, the Zoning Administrator requested that Honora submit its amendment application on a new form. Honora did so on September 16, 2007; a copy has been submitted as Exhibit B.

6. It is unclear from the record before us what exactly occurred next. A notice from the Planning Commission Chair was published in the Brattleboro Reformer that the Commission would conduct a site visit and public hearing on Honora's conditional use application, beginning at 6:30 PM on October 9, 2007. This notice contains no reference to a review, either by the Planning Commission or the ZBA, of Honora's site plan application.

---

[2] The Court has yet to receive a complete copy of the applicable Regulations, but has received a partial copy as Honora's Exhibit E.

[3] Neighbors dispute this material fact, although their disagreement as to what the Zoning Administrator referred on September 11, 2007 is premised more on their legal argument than a specific citation to a contrary fact in the record. We review their legal arguments in the Discussion section of this Decision.

Although V.R.C.P. 56(c)(2) explicitly requires that a moving party's statement of undisputed material facts "shall contain specific citations to the record," Honora has not religiously honored this directive. An absence of appropriate citations to the record frustrates the Court's ability to determine whether material facts are in dispute. The only document supporting the allegation that the Zoning Administrator made a referral on September 11, 2007 of Honora's original application is the November 20, 2007 letter by Town Attorney Robert M. Fisher, which merely recites this date without providing a detail of what was referred. Nonetheless, since we have no other information as to when the application was referred (if not on September 11, 2007), we rely upon this allegation for purposes of our review of the pending motions.

7.  The Planning Commission conducted the site visit on October 9, 2007, but cancelled the public hearing that was noticed for Honora's conditional use application. The record is unclear as to why the Commission decided to cancel this hearing, although there is reference in the parties' pleadings to a belief that the public notice was somehow defective. We have not been provided with the details of the perceived defect in this notice, although we wonder as to the absence of a reference to Honora's application for site plan amendment and as to why the Commission was conducting the hearing, when the ZBA was the municipal panel charged with the responsibility of reviewing such combined applications. See Regulations § 203(3)(e).

8.  On October 16, 2007, the Town of Halifax Selectboard ("Selectboard") approved (with conditions) Honora's separate applications for a Driveway and Highway Use Permit, to be used in connection with their proposed Events Center. Honora submitted this Selectboard approval as supporting documentation for its pending conditional use and site plan application.[4] At some point near this same time period, the Water Supply Division of the Vermont Department of Environmental Conservation issued a Source and Construction Permit for an on-site wastewater treatment system to serve the Event Center. Honora also submitted this Permit in support of its conditional use and site plan application.

9.  On November 6, 2007, at the request of the Planning Commission Chair, Honora submitted a revised application for the same Event Center, on a form provided by the Town and entitled:

TOWN OF HALIFAX
APPLICATION FOR ZONING PERMIT
CONDITIONAL USE

With this revised application, Honora submitted copies of the permits referenced in ¶ 8, above, as well as a revised site plan and a detailed, two-page itemization of the uses and activities that it proposed for the Event Center. The parties dispute whether this revised application supplemented or superseded the September 4, 2007 application. All parties agree that the November 6, 2007 application contained the updated site plan and various supporting documents referenced in ¶ 8, above.

10. Honora admits that it continued to provide the ZBA with updated information after September 4, 2007, as that information became available. (See Honora's Ex. F (Farrington Aff.)

---

[4] Regulations § 202(3)(c) requires that any necessary local or state health and highway permits be secured and provided to the Zoning Administrator before a zoning permit may be issued for a proposed development.

at 2.) Honora also admits that additional information was included in the November 6, 2007 application, although Honora characterizes that application as a mere formality that restated their September 4, 2007 application, albeit on recently revised form. (Id.)

11. On November 13, 2007, at a regularly scheduled ZBA meeting,[5] a motion was made and approved that "acceptance of a completed request for a conditional use by Honora [i.e., the November 6, 2007 filings] constitutes a withdrawal of the original request." (Neighbors' Ex. 4 (Meeting Minutes).)[6] A second motion to consider Honora's original application "as not being withdrawn" failed for lack of a second. (Id.)

12. The ZBA next voted at its November 13, 2007 meeting to conduct a site visit on the Honora property at 9:30 AM on December 8 and thereafter conduct a public hearing on Honora's application for amendment to its conditional use approval on December 11. It is unclear from the record before us whether notice for this site visit and public hearing was ever distributed. The November 13 ZBA meeting minutes do not reflect what notice, if any, the ZBA considered for Honora's application for site plan approval for its Events Center.

13. On November 20, 2007, in response to a request by Honora's attorney, Town Attorney Robert M. Fisher provided an opinion letter to the Halifax Selectboard.[7] This letter prompted the Halifax Selectboard to send its own letter to the ZBA.

14. The ZBA next held a regularly scheduled meeting on November 27, 2007. The record before us does not reveal that this meeting was noticed as a public hearing on any part of the Honora permit amendment application. In response to the letters from Town Attorney Robert M. Fisher and the Halifax Selectboard, the ZBA at their November 27, 2007 meeting approved a motion, stating that "Pursuant to H.Z.L. 203(3)(f) the Honora Permit of 8/31/2007 shall be deemed granted 15 days after posting of the decision by the ZBA." (Neighbors' Ex. 5 (Meeting Minutes).) The ZBA noted in their minutes for this meeting that their decision was based upon

---

[5] It is unclear from the record before us whether the Nov. 13, 2007 ZBA meeting was noticed as a public hearing on the Honora application. As of that date, the record does not reveal a public hearing being noticed or held by the ZBA on any version of the Honora application. The November 13 meeting minutes do not reflect that any Honora representative attended the meeting, which may have been due to Honora not receiving notice that the ZBA would be discussing its pending application at its November 13 meeting.

[6] A copy of the minutes from the November 13, 2007 meeting—marked "DRAFT"—was submitted as Neighbors' Exhibit 4. There has been no evidence presented to the Court that the ZBA ever approved these draft minutes; the approved minutes from the next ZBA meeting (dated November 27, 2007; a copy of which has been submitted as Neighbors' Exhibit 5) do not reflect an approval of the November 13, 2007 ZBA meeting minutes.

[7] We mention Attorney Fisher's letter only to help explain subsequent events, including the November 27, 2007 ZBA meeting and resolution that effectively adopted the legal analysis provided in this letter.

the Town attorney's analysis that a permit should be deemed approved when 60 days lapse before a complete application receives a hearing. (See id. (referring to the "letter from Attorney Fisher")).)

15.     On December 18, 2007, Neighbors filed a Notice of Appeal and Statement of Questions with this Court.

## Discussion

Honora and Neighbors have filed cross-motions raising the issue of whether Honora's application should be "deemed approved." We must begin our analysis of the parties' pre-trial requests with a recognition that summary judgment may only be granted when "the pleadings, depositions, [and] answers to interrogatories, . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). Generally, the burden of proof is on the party requesting summary judgment. Chapman v. Sparta, 167 Vt. 157, 159 (1997). When presented with cross-motions for summary judgment, we must consider each motion in turn and afford all reasonable doubts and inferences to the party opposing the motion under consideration. DeBartolo v. Underwriters at Lloyd's of London, 2007 VT 31, ¶ 8, 181 Vt. 609.

The main issue before us is whether Honora's September 4, 2007 application should be deemed approved.[8] Neighbors state this most clearly in Question 2 of their Statement of

---

[8] We note here that Honora's summary judgment motion raised a number of additional arguments for summary judgment. In particular, Honora claims that Neighbors lack standing and filed a defective and untimely notice; that this Court lacks jurisdiction to hear Neighbors' claims; and that this Court should dismiss Neighbors' Statement of Questions. The Court has evaluated these arguments and determined that they are all without merit. Most of these claims rest upon the assumption that Neighbors are challenging the Town's inaction on this matter, when in fact Appellants' challenge focuses upon the ZBA's "deemed approval" determination of November 27, 2007.

This Court has jurisdiction to evaluate any land use determination made by a municipal panel when a proper appeal is brought by an interested person. 24 V.S.A. § 4471. Although the statute requires that the interested person filing the appeal must have participated in the municipal regulatory proceeding below, id., there is an exception recognized where, such as here, the municipal panel never actually conducted a hearing. See 10 V.S.A. § 8504(b)(2)(A). Had such a hearing occurred, Neighbors would have been able to participate. Thus, the lack of a hearing was a procedural defect that prevented Neighbors from participating, and Neighbors therefore have a right to appeal. Id. Further, to deny Neighbors their appeal rights based upon a failure to participate in previous municipal proceedings—proceedings that never actually occurred—would "result in manifest injustice" and is therefore inappropriate here. 10 V.S.A. § 8504(b)(2)(C); cf. also In re Trahan, 2008 VT 90, ¶ 14 (cautioning against the elevation of form over substance).

Neighbors' December 18, 2007 appeal was filed well within 30 days of the November 27, 2007 ZBA decision; it was therefore timely under V.R.E.C.P. 5(b)(1). Additionally, any defects in Neighbors' Notice of Appeal are minimal and irrelevant, particularly when viewed in light of our procedural mandate that an "appeal will not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." V.R.E.C.P. 5(b)(3). We therefore DECLINE to grant Honora's request for summary dismissal on these grounds.

5

Questions, which asks us to review the validity of the ZBA's Decision on this matter.[9]  In analyzing this issue, we do not defer to the ZBA's conclusions, as this is a de novo appeal.  See 24 V.S.A. § 4472.  We must therefore consider the pending application "'as though no action whatever had been [previously] held.'"  Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989) (quoting In re Poole, 136 Vt. 242, 245 (1978)).

Honora claims that its September 4, 2007 permit application was referred by the Zoning Administrator to the ZBA and Planning Commission on September 11, 2007, and that because no hearing was held within 60 days of that referral, Honora's permit should be deemed approved as of November 11, 2007.  Although Neighbors dispute the September 11 referral date and correctly point out that Honora has provided insufficient documentation to support this date, we nevertheless must evaluate Honora's opposition to Neighbors' summary judgment motion by assuming that Honora's representation of the September 11 referral date would be substantiated by additional evidence at trial.  See Carr v. Peerless Ins. Co., 168 Vt. 465, 476 (1998) ("The party opposing summary judgment is entitled to the benefit of all reasonable doubts and inferences.").

In essence, Honora claims that the deemed approval remedy applies to situations where the ZBA fails to hold a hearing within 60 days of having a complete application referred to it, and that Honora in fact submitted a complete application on September 4, 2007 and that this application was referred on September 11.  We conclude that neither the Halifax Regulations nor the applicable provisions of title 24, chapter 117 apply the harsh remedy of "deemed approval" to a delay in holding a hearing, even an unexplained, prolonged delay in scheduling a hearing, once a conditional use or site plan application is referred to the appropriate municipal panel.

We note that this issue—whether the deemed approval remedy applies for a failure to hold a hearing within 60 days—is a difficult question only in the context of the particular Halifax Zoning Regulations at issue.  It is a relatively easy question with respect to the applicable state law, which clearly does not provide such a remedy.  See 24 V.S.A. § 4468.  Honora readily admits (as it must) that "there is no specific deadline for a municipal hearing with regard to referral of a site plan for review."  (Honora's Br. at 4.).

---

[9] We note here that Question 2 of the Statement of Questions suffices to present the main issues in this appeal. Further, our resolution of that Question also disposes of the need to address the other basis that Honora presents in support of dismissal.

6

Honora's only argument here is its claim that a different statutory deemed approval provision applies "by analogy." We cannot adopt this reasoning for several reasons. To begin, we continue to conclude, as this Court has already squarely held, that state law does not provide a deemed approval remedy within the context of a delay in scheduling a municipal hearing:

> The delay between the filing of the permit [application] and the holding of the hearing was excessive, and perhaps would have justified a mandamus action to get the hearing scheduled, but that delay does not result in a deemed approval under 24 V.S.A. § 4470(a) [the predecessor to § 4464(b)]. That section only requires a deemed approval remedy when a decision is not 'rendered' within forty-five days of adjourning the hearing. It does not provide any consequences for a delay between filing the application and scheduling it for a hearing.

In re Kittell, No. 71-4-98 Vtec (Vt. Envtl. Ct. June 14, 1999) (Wright, J.) (emphasis added).

The Vermont Supreme Court also explicitly rejected this type of "by analogy" argument in In re Spencer, 152 Vt. 320 (1989), where the Court held that if anything, the inclusion of a remedy in certain statutory provisions "illustrates that the Legislature knew how to provide for a remedy if it chose to," and the absence of such a remedy in another section "demonstrates a legislative intent not to provide such a remedy." Id. at 340 (emphasis added); see also In re Mullestein, 148 Vt. 170, 173-74 (1987) (requiring a clearly expressed legislative intent before finding that a statutory deadline is mandatory or that a harsh remedy, such as deemed approval, flows from its breach).

Further, the Vermont Supreme Court has adopted a strict approach to the deemed approval remedy and noted that "we must be careful to use it only where its application is clearly consistent with statutory intent." In re Fish, 150 Vt. 462, 464 (1988) (emphasis added). If the Legislature had clearly stated in § 4468 that the deemed approval remedy is appropriate for a failure to hold a hearing within 60 days of an application's referral, Honora would not need to rely on a "by analogy" argument. As it is, the deemed approval remedy is conspicuously absent from § 4468, and we will not infer such a dramatic remedy into that provision when it is not expressly stated. Thus, we conclude that nothing in state law provides Honora with the remedy it now seeks.

The more difficult question is whether the Halifax Zoning Regulations provide such a remedy. The very fact that this is a difficult question suggests that such a remedy likely does not satisfy the "clear[] . . . statutory intent" requirement before courts will impose it. See In re Fish, 150 Vt. at 464. Nevertheless, we review the specific language of the Regulations for guidance.

7

The Regulations include a deemed approval provision that applies to the conditional use approval process:

> The ZBA has up to 60 days to hold at least one public hearing after the day on which the complete application, including site plan if required, is submitted in good order. The Zoning Board of Adjustment shall act to approve or disapprove any requested conditional use within forty five (45) days of the adjournment of the final public hearing. Failure to do so within such period shall be deemed approval.

Regulations § 203(3)(f). We first note that this language mirrors the statutory trigger in 24 V.S.A. § 4464(b), in that while the ZBA is directed to conduct a hearing within 60 days (as under 24 V.S.A. § 4468), an application is "deemed approved" under the Regulations only once the ZBA adjourns its public hearing on the application and thereafter fails to render a decision within 45 days of adjournment. Although Honora argues that the last sentence of the paragraph (stating that the trigger for deemed approval is a "[f]ailure to do" something) applies to the requirement that hearings be held within 60 days, we find this to be an untenable interpretation. The more natural reading of this language is that the last sentence of this Regulation only refers to the sentence immediately preceding it. Just as state law only provides a deemed approval remedy for a failure to render a decision (not for the failure to schedule a hearing), the Halifax Regulations mimic that same structure. The Regulations do not extend the deemed approval remedy to situations where the Vermont legislature declined to apply such a dramatic remedy. Further, to the extent that there is any ambiguity in this Regulation, the deemed approval remedy is not available, since our Supreme Court requires "clear[] . . . statutory intent" before courts will impose such a remedy. See In re Fish, 150 Vt. at 464. This Regulation simply does not provide the clear notice that is required to extend the deemed approval remedy to a failure to hold a hearing. See id.

Honora argues that to not infer the deemed approval remedy here is to encourage municipal panels to delay the scheduling of hearings on land use applications, perhaps indefinitely. We share Honora's concerns and regret the delay here in a hearing being held, so that all parties may speak to Honora's application for conditional use and site plan amendment. However, we cannot read a remedy into an ordinance or a statute, particularly one as dramatic as "deemed approval" and especially when our Legislature chose not to apply one. In fact, as cautioned by our Supreme Court in Spencer, the facts of this case may provide an explanation of

why neither the Legislature nor the Town chose to make the "deemed approval" remedy applicable to delays in the scheduling of hearings.

Deemed approval is used as a remedy, both in instances where a zoning administrator or an appropriate municipal panel have zoning applications awaiting their decision. See 24 V.S.A. § 4448(d) (a permit is deemed issued when an administrator fails to act on a complete application within 30 days); § 4464(b)(1) (similar outcome when a municipal panel fails to render a decision within 45 days of adjourning its hearing on the application). But neither the state statutes nor the Halifax Regulations specifically apply the deemed approval remedy when an application is awaiting the scheduling of a hearing before the appropriate municipal panel.

Often times, as apparently occurred in this case, the scheduling of a hearing is delayed due to a defect in the public hearing notice and requests by the zoning administrator or municipal panel members for further documents and information from the applicants. We conclude that it is unworkable to attach the drastic consequence of a rigid, sixty-day deadline to the scheduling of zoning hearings, particularly municipal panels populated by volunteers who may only meet several times per month. Such a harsh consequence could frustrate the ability to assure that proper public notice is sent to all interested persons and that the panels have received all necessary materials to properly consider an application. Such an approach could in fact lead to the summary denial of municipal land use applications, lest they be unconditionally approved by application of the deemed approved remedy. Most important, we have found no basis for applying the deemed approval remedy to a part of the municipal land use review process where the enactors of state and local regulations saw no cause to explicitly include it.

One important component of the application of the deemed approved remedy is a determination of when the time period begins to run. There appears to be no dispute that while a municipal panel is in the process of considering an application, there is no deemed approved time period running; the time period only begins once the panel has adjourned its hearing on the application. 24 V.S.A § 4464(b)(1).

Municipal panels have the authority to recess an application hearing, so that the applicant or interested persons may submit "additional information." Id. This Court has previously held that the submission of an updated site plan restarts the clock for a deemed approval remedy:

> Thus, even without regard to the reasons for continuing the hearing (or whether it was continued to accommodate []Applicants), the 'deemed-approval' period did not start to run because the site plan application was not complete. That is, the

9

site plan for which approval was sought had not yet been provided to the Planning Commission; whatever initial site plan may have been filed some time [previously] was either not sufficiently specific or did not represent the revisions being sought to the project.

Appeals of Cyril Z. Meadow Inst. & Phyllis Meadow, Nos. 17-1-04 Vtec & 35-3-04 Vtec, slip op. at 7 (Vt. Envtl. Ct. Aug. 13, 2004) (Wright, J.). In the case now before us, Honora first submitted its conditional use and site plan review application on September 4, 2007. We view their later submissions, both on new application forms and of revised site plans, not as substitutions for their original filings, but rather as supplements to their original application. We note that Regulations § 203(3)(d) requires that "incomplete applications will be returned by the Zoning Administrator without action." Since Honora's September 4, 2007 application was not returned by the Zoning Administrator, we can only conclude that it was not deemed incomplete when it was filed. Nonetheless, we conclude that when an applicant continues to supplement their municipal land use application, prior to the adjournment of the public hearing on the application, the deemed approval remedy clock has not yet begun to run.

If this were a case where Honora submitted all of the necessary materials in its initial September 4, 2007 application, and the ZBA then simply failed to ever rule on the application, we might rule differently. The main purpose of the deemed approval remedy is "to curtail indecision and protracted deliberations in the zoning decision-making process." In re Trahan, 2008 VT 90, ¶ 12 (citing Wesco, Inc. v. City of Montpelier, 169 Vt. 520, 526–27 (1999)); see also Appeal of County of Windsor, No. 155-9-03 Vtec, slip op. at 5 (Vt. Envtl. Ct. Jan. 20, 2004) (Wright, J.) ("[D]eemed approval is only applied to remedy deliberate or negligent failure of a board or commission to render a decision."). It is undisputed that Honora submitted updated and necessary documents (including required permits) throughout the period at issue. Because the Town was reasonable in requiring these documents before ruling on Honora's application, the Town's actions were not protracted and indecisive, and Honora is therefore not entitled to a deemed approval remedy. See, e.g., In re Wesco, Inc., Nos. 152-7-02 Vtec, 153-7-02 Vtec, 6-1-03 Vtec, & 207-10-05 Vtec. (Vt. Envtl. Ct. June 29, 2006) (Durkin, J.) ("This is not an instance where the [decision-maker] was indecisive. . . . The remedy of deemed approval is therefore not appropriate here."); see generally Leo's Motors, Inc. v. Town of Manchester, 158 Vt. 561, 564–65 (1992).

Unlike In re McEwing Services, Inc., 2004 VT 53, 177 Vt. 38, Honora's updated documents were not "unsolicited, voluntary submission[s] of evidence after the deemed approval period has run." Id. at ¶ 19. Rather, Honora submitted updated documents before any deemed approval period could possibly have run, and at least some of those documents were necessary to a proper determination of Honora's application. It would therefore be inappropriate to apply the deemed approval remedy here.

For all of these reasons, the ZBA's November 27, 2007 Decision, determining that Honora's September 4, 2007 zoning permit application should be deemed approved, is incorrect. We therefore **GRANT** Neighbors' summary judgment motion, and do hereby **VACATE** the ZBA's November 27, 2007 determination that Honora was entitled to an automatic approval of its application under the Regulations or state law.

Neighbors suggest that one consequence of the summary judgment that the Court has now rendered is a remand of Honora's application to the ZBA for joint consideration of Honora's request to amend its conditional use and site plan approvals.

Remand is a discretionary power of this Court,[10] although it is sometimes used as a remedy for the Court lacking jurisdiction to consider the pending application. We begin our analysis here with our Supreme Court's frequent confirmation that the "reach of the [environmental] court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but is not broader." In re Torres, 154 Vt. 233, 235 (1990).

This doctrine has been applied in numerous cases since Torres. See, e.g., In re John A. Russell Corp., 2003 VT 93, ¶ 29, 176 Vt. 520; In re Lorentz, 2003 VT 40, ¶ 4, 175 Vt. 522; Simendinger v. City of Barre, 171 Vt. 648, 651 (2001); Vill. of Woodstock v. Bahramian, 160 Vt. 417, 424 (1993). Further, Torres and the subsequent decisions cited above note that this Court has the authority, in a duly perfected appeal, to do "whatever the zoning board of adjustment or the planning commission might have done with an application." Torres, 154 Vt. at 236 (emphasis added). However, the Supreme Court has cautioned that this Court "'must resist the impulse to view itself as a super planning commission.'" In re Maple Tree Place, 156 Vt. 494, 500 (1991) (quoting Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 13 (1989)). The Supreme Court also noted that courts should decline to address "new issues never presented to the planning commission and on which interested persons have not spoken in the local process." Id.

---

[10] V.R.E.C.P. 5(i).

In these circumstances, "[u]se of the remand authority . . . is consistent with the court's role." Id. We are further cautioned that this Court exceeds it authority when it considers an application upon which the municipal panel never actually conducted a hearing or rendered a substantive determination. Simendinger, 171 Vt. at 652.

In light of this precedent, we are compelled to remand Honora's application so that a proper notice of a public hearing may by posted and circulated and the appropriate municipal panel may conduct a hearing on the pending application, receive all relevant evidence from interested persons (including the applicant), adjourn the hearing, and render a timely decision.

## **Conclusion**

Accordingly, we conclude that Honora's summary judgment requests must be **DENIED**. We hereby **GRANT** Neighbors' summary judgment request by **VACATING** the ZBA's November 27, 2007 determination that Honora's permit application was deemed approved and do hereby **REMAND** the Honora application for amended conditional use and site plan approval to the Town of Halifax Zoning Board of Adjustment.

Done at Newfane, Vermont this 31st day of October 2008.

_____
Thomas S. Durkin, Environmental Judge

12