2003 VT 40

### In re Appeal of Thaddeus R. LORENTZ and David H. Nelson (City of Burlington, Appellant)

[824 A.2d 598]

No. 02-239

¶ 1. April 1, 2003. The City of Burlington appeals the environmental court's decision granting approval for an application by Thaddeus R. Lorentz and David H. Nelson ("applicants") to construct a mini-storage facility. The City contends that the environmental court (1) exceeded its authority by reviewing applicants' revised application rather than the application submitted to the Burlington Planning Commission; (2) exceeded its authority by deciding the merits although the statement of questions on appeal raised only legal issues about the authority of the planning commission to take the actions it did; (3) erroneously ruled that the planning commission cannot delegate details of an application to its planning staff; (4) committed clear error in approving a minimum 30-foot setback from the southwest corner and in allowing the majority of the mini-storage buildings to have flat roofs; and (5) erroneously ruled that the City may not impose a release-of-liability permit condition for contamination at the site. We affirm.

¶ 2. Applicants applied for a certificate of appropriateness from the planning commission for a proposed mini-storage facility on Flynn Avenue in Burlington. The project site is located in Burlington's enterprise zoning district and is adjacent

to a waterfront residential low-density zoning district, with residential condominium development to the southwest. The planning commission approved the application with a number of conditions.

¶ 3. Applicants appealed certain of these conditions to the environmental court. The court granted in part and denied in part applicants' motion for summary judgment, ruling that the City's zoning ordinance authorizes the planning commission, and hence the environmental court on appeal, to impose conditions beyond the zoning ordinance's minimum standards if necessary to meet either the design review or site plan standards. The court also ruled that the City is not authorized by the ordinance to impose a release-of-liability condition. The court subsequently held merit hearings for the application's site plan approval and design review. Thereafter, the court issued a written decision, modifying a number of the conditions imposed by the planning commission. This appeal followed.

¶ 4. The City makes two related arguments why the court did not have jurisdiction to reach its result: (1) the court allowed the applicants to propose a site plan different from that presented to the planning commission in numerous respects and ruled on that site plan; and (2) although the statement of questions on appeal raised only legal issues about the authority of the planning commission to take the actions it did, the court went further and decided the merits as if it were the planning commission. The City argues that applicants cannot go beyond the proposal they made to the planning commission, see *In re Torres*, 154 Vt. 233, 235, 575 A.2d 193, 195 (1990) (stating that, in zoning appeals, "[t]he reach of the superior court ... is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader"), and beyond the questions it specified for appeal, see V.R.C.P. 76(e)(4)(B) (requiring appellant, on appeals to environmental court from municipal boards and commissions, to "file a statement of the questions that the appellant desires to have determined"). Specifically, it complains that the court allowed applicants to reduce setbacks from the forty-five feet they presented to the planning commission to twenty feet on the westerly side and twenty-five feet on the southerly side, remove a number of green spaces, propose flat roofs instead of pitched roofs, and put forth an amended landscaping plan.

¶ 5. We cannot find where either argument was made to the environmental court, and the court ruled on neither argument. Applicants first made clear that they were pursuing an alternative site plan and wanted the court to adopt it when they put the site plan in evidence at the start of the evidentiary hearing. The City made no objection to the proposed site plan, nor to the extensive evidence offered in support of the plan. The first and only time the City might have addressed the jurisdictional issues was in its proposed conclusions of law in which it suggested that the court use the following language: "the Court shall start with the 45 foot setback that was proposed before the [planning commission] and not the current proposal as the Court 'must approach the case if [sic] it were the planning commission ...' *In re Appeal of Gaboriault, et al.*, 167 Vt. 583, 585." The City proposed similar language with respect to the other issues. We cannot read this cryptic statement as stating the argument that the environmental court was jurisdictionally precluded from addressing the modified site plan. Moreover, the statement never addressed the argument made here that applicants exceeded the bounds of the questions on appeal. We will not address arguments made for the first time on appeal. *In re White*, 172 Vt. 335, 343, 779 A.2d 1264, 1270 (2001).

¶ 6. In addition, the City argues that the planning commission unlawfully

delegated to its planning staff the subsequent approval of certain details in the application. This issue is moot because the environmental court reviewed applicants' proposal without the delegation condition. See *In re P.S.*, 167 Vt. 63, 67, 702 A.2d 98, 100 (1997) ("[A] case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

¶ 7. The City further argues that the court committed clear error by approving the 30-foot minimum setback in the southwest corner and by allowing the majority of proposed mini-storage buildings to have flat roofs. The environmental court noted that the "proposed storage unit use is a good transitional use for the property, as it is a relatively low-intensity use and relatively quiet." The court found that the 30-foot setback, along with a better-designed location and J-shaped placement of the buildings, "provide an adequate level of protection to meet [zoning ordinances] §§ 7.1.6(c), 6.1.10(a) and 6.1.10(b) ... [and] avoid the die-back of existing trees between the buildings and the boundary." The court further found that "[t]o provide the required relationship to the project's context (§ 6.1.10(a)) it is only necessary that the roofs visible to be glimpsed from Flynn Avenue have a mixture of shed and pitched roof types, to provide the visually harmonious relationship to existing buildings in the vicinity." Thus, the court allowed applicants to choose between pitched or flat roofs for certain buildings. "[W]e will uphold the environmental court's construction of a town's zoning ordinance unless clearly erroneous, arbitrary or capricious, and review determinations of fact for clear error." *In re Dunnett*, 172 Vt. 196, 200, 776 A.2d 406, 409-10 (2001) (internal citations omitted). We discern no basis to conclude that the court's rulings were clearly erroneous.

¶ 8. The City also argues that it should be able to impose a release-of-liability permit condition for hazardous material contamination of the site. The City fails, however, to demonstrate any risk of liability for possible contamination of this site. The City does not claim to be a party in the chain of title to the property, and in fact concedes it should not incur liability by merely exercising its jurisdiction and authority as a regulatory body in permitting the proposed use. Thus, the City has not shown that it "'is suffering the threat of actual injury to a protected legal interest,'" and instead "'is merely speculating about the impact of some generalized grievance.'" *Parker v. Town of Milton*, 169 Vt. 74, 77, 726 A.2d 477, 480 (1998) (quoting *Town of Cavendish v. Vt. Pub. Power Supply Auth.*, 141 Vt. 144, 147, 446 A.2d 792, 794 (1982)). The City also argues that the release-of-liability condition should be upheld for the sake of prudence. This Court, however, will not render an advisory opinion on this or any issue. *In re Constitutionality of House Bill 88*, 115 Vt. 524, 529, 64 A.2d 169, 172 (1949).

*Affirmed.*