2004 VT 44

## In re Champlain Oil Company

[852 A.2d 622]

No. 03-111

Present: **Amestoy, C.J., Dooley, Johnson, Skoglund and Reiber, JJ.**

Opinion Filed May 14, 2004

*John W. O'Donnell* of *Bergeron, Paradis & Fitzpatrick, LLP*, Burlington, for Appellant.

*Jon Anderson* and *Jeremy Farkas* of *Burak Anderson & Melloni, PLC*, Burlington, for Appellee.

¶ 1. **Johnson, J.** Appellant, Champlain Oil Company, Inc., appeals from an order of the environmental court granting appellee, R.L. Vallee, Inc.'s, motion for summary judgment on the grounds that

Champlain's proposed site usage was illegal and should not have been permitted by the Town of Colchester's planning commission. Champlain argues that the environmental court erred by 1) deciding the case based on a legal theory that Vallee did not raise at the planning commission level and 2) concluding that Champlain did not file the proper application in time to vest rights of review under then existing zoning laws. We affirm.

¶ 2. The dispute arises out of Champlain's plan to open a convenience store with gasoline sales in the Town of Colchester (Town). The proposed site for the project was an area known as Chimney Corners, adjacent to Interstate 89. Champlain engaged in numerous discussions with the Town's planning and zoning staff, and filed its first set of application materials for the project on May 14, 2001.

¶ 3. Meanwhile, on August 16, 2001, the Town published the First Notice for Amendments to its Zoning Regulations (zoning amendments). The zoning amendments created new zoning classifications for the Chimney Corners area. In particular, the zoning amendments imposed new limits on convenience stores with gas sales mandating that "no new gas sale use shall be permitted or allowed within 3,000 feet of an existing gas sales use, except that this limitation shall not apply to the distance between gas sale uses located on opposite sides of the Interstate 89 right of way." The Town subsequently adopted the zoning amendments on September 16, 2001. Champlain's proposed convenience store with gasoline sales is located on the same side of Interstate 89 within 3,000 feet of a gas station operated by Vallee, and thus would not be an allowable use under the zoning amendments.

¶ 4. The Town began review of Champlain's application and at various times requested additional information to complete the application. On October 3, 2001, Champlain filed additional materials including a "Site Plan Application Form." Champlain then made another supplemental filing leading up to October 8, 2001, the date the planning commission apparently accepted the site plan application as complete.

¶ 5. The planning commission approved Champlain's application on September 30, 2002. The planning commission evaluated the project under the pre-amendment regulations instead of the zoning amendments. The planning commission's approval contained conditions restricting certain aspects of the application. Champlain appealed several of the imposed conditions to the environmental court. Though it had not appeared before the planning commission to dispute Champlain's permit, Vallee cross-appealed to the environmental court.

¶ 6. Vallee moved for summary judgment in the environmental court, arguing that the proposed project should have been evaluated under the zoning amendments — which barred the proposed use — and not the pre-amendment zoning scheme. See 24 V.S.A. § 4443(d) (once locality issues notice of first public hearing on amendments to local regulations, projects shall be reviewed under the proposed amendments). Vallee claimed that Champlain had not filed its application in time to vest rights to review under the pre-amendment zoning scheme. Champlain contested the motion by offering affidavits stating that its application was submitted on May 14, 2001 before the zoning amendments' notice date. The environmental court granted Vallee's motion for summary judgment holding that because Champlain's May 14 application was not a complete site plan application filed in good faith, the application was insufficient to vest any rights under the prior zoning laws. Champlain appeals that decision.

¶ 7. As a preliminary matter, Champlain argues that, in ruling on the summary judgment motion, the environmental court improperly expanded the scope of its inquiry beyond those issues that were raised as part of the planning commission's review. Champlain contends that because environmental court review of planning commission decisions is appellate in nature, the general appellate rule of issue preservation should apply.

¶ 8. Ironically, as Vallee points out in its brief, Champlain did not raise this issue with the environmental court, and the environmental court did not rule on it. A review of Champlain's memorandum in opposition to Vallee's summary judgment motion in the environmental court does not reveal any reference to this issue, and none is found in the environmental court's decision. Champlain has not otherwise demonstrated that its issue was preserved as was its burden under the rules of appellate procedure. See V.R.A.P. 28(a)(4) (appellant's brief to Supreme Court shall contain the issues presented and shall state how the issues were preserved); see also *Limoge v. People's Trust Co.*, 168 Vt. 265, 270, 719 A.2d 888, 891 (1998) (concluding that plaintiff waived its claim of negligent misrepresentation because it was not brought before the trial court).

 ¶ 9. As part of its argument that issue preservation at the planning commission should be required before review in the environmental court can be sought, Champlain cites *In re Lorentz*, 2003 VT 40, 175 Vt. 522, 824 A.2d 598 (mem.). *Lorentz* involved an appeal to the environmental court from a planning commission. The appellant in *Lorentz* argued, as Champlain does here, that the environmental court

had exceeded its jurisdiction by ruling on issues that were not presented to the planning commission. The appellant in *Lorentz* failed, however, to clearly raise its jurisdictional objections to the environmental court. *Id.* at ¶ 5. As a result, we declined to address the appellant's arguments for the first time on appeal. *Id.* The procedural facts in *Lorentz* are strikingly similar to the present case, and thus the decision is controlling here. Accordingly, we will not reach this issue, nor will we reach Champlain's laches argument because it was also not presented to the environmental court. See *id.*

¶ 10. We review the decision on the motion for summary judgment applying the same standard as the environmental court. See *In re Jackson*, 2003 VT 45, ¶ 11, 175 Vt. 304, 830 A.2d 685. We will affirm a trial court's grant of summary judgment only if "there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Springfield Hydroelectric Co. v. Copp*, 172 Vt. 311, 313, 779 A.2d 67, 70 (2001); V.R.C.P. 56(c).

¶ 11. Champlain submitted its initial application for its intended project on May 14, 2001. The Town issued notice of a public hearing on proposed amendments to its zoning regulations on August 16, 2001. Under 24 V.S.A. § 4443(d), if a party files an application with a town after the town has given notice of its intent to amend its zoning laws, the town shall review such an application under the proposed zoning laws. In Vermont, rights to review under existing regulations vest when a *"proper"* application is filed. *Smith v. Winhall Planning Comm'n*, 140 Vt. 178, 181-82, 436 A.2d 760, 761 (1981) (emphasis added). On September 16, 2001, the Town approved the proposed zoning amendments and set an effective date of October 8, 2001. Therefore, the issue before the Court is whether Champlain's initial application filed on May 14, 2001 vested the right to review under the then existing, i.e., pre-amendment, zoning laws. Because we find that Champlain's two filings were for different applications, we hold that its initial application could not have vested a right to consideration under the pre-amendment zoning regulations.

¶ 12. The environmental court ruled that two applications were filed: one on May 14 for sketch plan review and another on or about October 3 for site plan review. As part of its review of Colchester's overall planning scheme, the environmental court provided the following background:

A "sketch plan" is not provided for at all in the Town's Zoning Regulations or in connection with an application for a zoning permit. A "sketch plan" application is only provided for in the Town's Subdivision Regulations, § 201, to be submitted by a "subdivider of land" to the town planner prior to submitting an application for subdivision approval, "for the purpose of classifications and preliminary discussion" of the subdivision with the Planning Commission. In practice in the Town of Colchester, the sketch plan has also been used (at least by the interim town planner involved in examining the present proposal) to make a preliminary examination of a subdivision project that would also have to undergo site plan approval.

After reviewing the Town's regulations, we conclude that the environmental court's assessment is accurate. By contrast, site plan review is an essential part of the Town's zoning process. Section 1803 of the Town of Colchester's Zoning Regulations provides that "[t]he approval of site plans by the Planning Commission shall be required prior to the issuance of any zoning or building permits for all uses in any district." To the extent that a sketch plan application would be sufficient to vest rights to review under any existing regulations, they would be subdivision regulations, not zoning regulations.[1] A site plan application, however, would be a proper application for vesting rights to review under zoning regulations. The Town zoning administrator/director of planning and zoning's September 10, 2001 letter to Champlain's consultant reinforces this view when it states that "in order to preserve [Champlain's] rights under current zoning, you must submit a *site plan application*."[2] (Emphasis added.)

¶ 13. Champlain's central argument is that its May 14 application was for both planning and zoning review, and thus should have sufficed

---

[1] In the environmental court's view of the regulations, "a 'sketch plan application' only triggers subdivision review, and is not even considered a complete application"; therefore, it would not be sufficient to vest rights to review under subdivision regulations. We express no opinion as to whether the environmental court's interpretation is correct on this point, as it is unnecessary to our decision in this case.

[2] The letter goes on to state that to vest rights the site plan application must be filed by October 1, 2001. As the environmental court observes in a footnote, the Town gave Champlain erroneous advice when it suggested that filing of a site plan application in October would have vested rights. The Town official apparently misapprehended the import of 24 V.S.A. § 4443(d) when he suggested that the October effective date of the zoning amendment, and not the August notice date, was the vesting deadline. Nevertheless, neither party disputes that the proper application had to be filed by August 16, 2001 to vest rights to review under then existing zoning regulations.

to vest rights to review under existing zoning regulations. It relies on a June 29 letter from the interim town planner in which the planner indicated that "the sketch plan review is a preliminary review of the project for both Site Plan and subdivision review." The preceding sentences in the same letter emphasize that the subdivision review and site plan review for the separate buildings are distinct reviews. Champlain further notes that the zoning administrator had commenced zoning review as early as August 3. The administrator's August 3 report does in fact indicate that zoning review had begun, even though the same report contains the notation "sketch," making clear that its review had commenced based on information in the sketch plan — information that the same report indicates was insufficient in several respects. Moreover, Champlain argues that one of the main functions of the sketch plan is to determine what information the zoning officials will need to complete a thorough site plan review. As such, Champlain argues that the sketch plan application is a de facto part of the zoning review process and accordingly should vest rights to review under existing zoning laws.

¶ 14. Champlain's attempt to obscure the distinctions between a sketch plan application and the site plan application are unavailing. The rule of *Winhall* is designed to secure "greater certainty in the law and its administration." *Winhall*, 140 Vt. at 182, 436 A.2d at 761. Champlain would have us focus our inquiry on the flexible process employed by the Town's planning staff in this particular case and not on the uniform mandates of the Town's regulations. We think the latter approach is more consistent with the policy underlying *Winhall*. See *id*. As we noted *supra* at ¶ 12, the Town's zoning regulations require a site plan review prior to the issuance of a zoning permit. No matter how much actual zoning review the planning staff accomplishes of its own accord based on information contained in a sketch plan application, the fact remains that the filing of a site plan application is necessary to zoning review of all projects; the filing of a sketch plan is not.

¶ 15. The sketch plan application was only required for this project, because, as it was initially proposed, the project called for a subdivision. Champlain correctly points out that the zoning administrator used the information contained in the sketch plan to commence zoning review and to identify additional information that would be needed to complete zoning review. This in no way negates the fact that the site plan application was still required under the Town's regulations before

464

formal zoning review could take place. As the zoning administrator's August 3 project review sheet makes clear, the application did not contain any lot lines, building heights, signs, or landscaping plans. Champlain knew or should have known, however, that this information was required for zoning review because § 1803 of the Town's zoning regulations mandate that this information be provided as part of the *site plan review*.

¶ 16. Because of the serious deficiencies in Champlain's May 14 application, we can only conclude, as the environmental court did, that it was a sketch plan application and not an application for site plan review or a zoning permit application. This conclusion also draws upon the conspicuous fact that accompanying Champlain's May 14 application was $110, an application fee sufficient only for sketch plan application review. The Town's Development Application Checklist notes that Champlain's May 14 filing was a "sketch." Even more compelling is the fact that Champlain's May 14 filing with the Town was titled "Planning Commission Sketch Plan Application Form," whereas its untimely October 3 filing was titled "Planning Commission Site Plan Application Form" and was accompanied by the $172 fee required for site plan review.

■ ¶ 17. Champlain filed two different applications: one on May 14, 2001 and another on October 3, 2001. Champlain's May 14 sketch plan application could not vest a right to consideration under the then-existing zoning laws for subsequent final site plan approval or a zoning permit application. Rights vested under a preliminary application do not extend to subsequent applications of a more detailed nature. See *In re Taft Corners Assocs.*, 171 Vt. 135, 142, 758 A.2d 804, 810 (2000) (refusing to allow the filing of a subdivision permit application to vest the right of consideration under prior laws for a subsequent zoning permit application). Accordingly, because of the different nature of the sketch plan application and the site plan application, the earlier application cannot vest a right to consideration under the pre-amendment zoning laws.

¶ 18. Champlain claims that summary judgment in the environmental court was inappropriate because there remains a genuine issue of material fact as to when its application was filed. According to Champlain, Vallee's position was that the application was filed on October 3, 2001, after the zoning amendment notice date, while Champlain contends that the application was filed on May 14, 2001. Champlain's argument mistakes an issue of law for an issue of fact. There is no dispute that Champlain filed an application on May 14,

2001; the dispute is over the legal effect of that filing. As we have already discussed, the case turns on whether the application that was filed on May 14 was the proper application for purposes of vesting rights to review under pre-amendment zoning regulations. See *Winhall*, 140 Vt. at 182, 436 A.2d at 762. In ruling on summary judgment, the environmental court had the May 14 application and all the supporting documents Champlain filed along with it as well as all the documents Champlain subsequently filed. With these documents, no further development of the factual record was needed to resolve this question; thus there was no genuine issue of material fact remaining to render summary judgment inappropriate. The environmental court made its ruling on a matter of law, and for the foregoing reasons we agree with its decision.

*Affirmed.*