STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| Appeal of Jolley Associates | } | Docket No. 198-11-03 Vtec |
| | } | |

Decision and Order on Cross-Motions for Summary Judgment

Appellant-Applicant Jolley Associates appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Shelburne, upholding the Zoning Administrator's determination[1] that Appellant-Applicant's application for site plan approval should be considered under the bylaws in effect in June of 2003, and not the 1995 zoning bylaws, and therefore that it should not be forwarded to the Planning Commission for site plan review. Both the Town and Appellant-Applicant moved for summary judgment on the issue of which version of the zoning bylaws applies to this application. Appellant-Applicant is represented by Howard J. Seaver, Esq.; and the Town is represented by Joseph S. McLean, Esq. Interested Parties Lot and Betty Cheng are represented by Steven J. Kantor, Esq., but did not file memoranda regarding this motion.

The following facts are undisputed unless otherwise noted. Appellant-Applicant owns property in the Residential-Commercial zoning district, on which it seeks to construct a new gasoline station, convenience store and restaurant. Such a proposal requires both

conditional use approval from the Zoning Board of Adjustment and site plan approval from the Planning Commission. The 1997 zoning bylaws, among other things, eliminated the 'gas station' use category as an allowed use in this zoning district.

In prior litigation, this court ruled on Appellant-Applicant's application for conditional use approval, after remand from the Vermont Supreme Court. In re Handy and In re Jolley Associates, 171 Vt. 336 (2000). This court first heard evidence and ruled that the application for conditional use approval was "validly brought and pursued in good faith[2]" under the 1995 zoning bylaws, In re Appeal of Jolley Associates, Docket No. 118-8-01 Vtec (Vt. Envtl. Ct., March 7, 2002), and then heard the merits of the application for conditional use approval.

At the close of Appellant-Applicant's case, the Court denied Appellant-Applicant's application for conditional use approval under the 1995 zoning bylaws on two grounds. In re Appeal of Jolley Associates, Docket No. 118-8-01 Vtec (Vt. Envtl. Ct., May 3, 2002). First, the Court ruled that the proposal as designed consisted of two principal buildings or structures on the lot in violation of §1690.3. Second, the Court ruled that Appellant had failed to show that the proposal would not adversely affect 'all bylaws in effect' (§1610.4), in particular, that it would not violate the site plan standards regarding the adequacy of site circulation and whether the lighting emanating through the windows and glass blocks of the building would be adequately screened or would violate the performance standards for

glare. The denial was specifically without prejudice to Appellant-Applicant's submittal of its application for site plan approval to the Planning Commission, and, if it wished to do so, its submittal to the ZBA of a request to under §210.6 to extend the lot coverage or driveway coverage regulations applicable in the Industrial-Commercial zoning district up to 50 feet into the Residential-Commercial district.

As described in the conditional use litigation, shortly after the adoption and before the effective date of the 1997 zoning bylaws, on February 6, 1997, Appellant-Applicant had filed certain application materials for approval of its project. It submitted a three-page "General Information Application," which on its face states:

IMPORTANT NOTES:

* Tandem Application. This application is designed to be used in combination with: 1. A Conditional Use Application; 2. A Variance Application; OR, 3. A Site Plan Application.

Section 3 of the General Information Application form is entitled "TYPE OF REVIEW(S) REQUESTED," and asks the applicant to "[i]ndicate the types(s) of application reviews that are requested (*check all that apply*)."' Appellant-Applicant checked both the box next to "'Conditional Use Application" and the box next to "'Site Plan Application." However, the only application that actually was submitted in early 1997 in tandem with the General

Information Application was an application for conditional use approval, supported by materials including three plans of the project site as it was then proposed.

The Conditional Use Application form, in turn, contains a number of general statements on its face, including the statement that the application is designed to be used in combination with the General Information Application. It also warns users that for conditional uses "[a] public hearing before the Planning Commission for a site plan review is also required."

Of the documents Appellant-Applicant filed in 1997, the only one that even arguably relates to site plan review is the "x" entered next to ''site plan review' in section 3 of the General Information Application. All the other filings in 1997, including the application for conditional use approval, its supporting materials, and its filing fee, were those required for ZBA review of an application for conditional use approval, not for an application to the Planning Commission for site plan review. This is particularly clear in a town such as Shelburne, which still has a separate Planning Commission and Zoning Board of Adjustment, rather than a combined Development Review Board. Neither a site plan application nor the required fee for the Planning Commission to consider a site plan application was submitted in early 1997.

After the conditional use litigation (In re Appeal of Jolley Associates, Docket No. 118-8-01 Vtec) had concluded, in June of 2003 Appellant-Applicant submitted to the

Town a site plan application and site plan application fee.  The Zoning Administrator determined that the site plan application should be reviewed under the Town's 1997 zoning bylaws, rather than the 1995 bylaws governing the conditional use application. However, rather than forwarding the site plan application to the Planning Commission for it to consider it  on the merits of the site plan approval criteria under the 1997 bylaws, the Zoning Administrator denied the site plan application because the 1997 bylaws do not allow the use category of gasoline stations as a conditional use in the district, even though the conditional use application had been allowed to proceed under the 1995 bylaws.

Appellant-Applicant now argues that once the Court had ruled that its 1997 application for conditional use approval was "validly brought and pursued in good faith"' under the 1995 zoning bylaws, it became entitled to have its site plan reviewed under the 1995 bylaws, notwithstanding that it did not submit a site plan application until 2003. However, these two types of applications and their review processes are separate and distinct, both under the state statute,[3] and under the Zoning Bylaws.[4] See, e.g., In re Champlain Oil Company, 2004 VT 44, ¶17; In re Appeal of Taft Corners Associates, Inc., 171 Vt. 135 (2000).

Appellant-Applicant could have applied for both types of approval in early 1997, paid both filing fees, and obtained a court ruling that both applications were "validly brought and pursued in good faith" under the former vested rights analysis.  Appellant-

Applicant did not do so.  Rather, Appellant-Applicant submitted only the General Information Application and the tandem conditional use application and its fee in good faith to be considered under the 1995 Zoning Bylaws.  Appellee-Applicant's site plan application must therefore be considered under the site plan criteria found in the Zoning Bylaws in effect in June of 2003.

However, the fact that the site plan application must be considered under the Zoning Bylaws in effect in June of 2003 does not mean that it must be denied out of hand, because Appellant-Applicant has already litigated its entitlement to have its conditional use application considered under the 1995 Zoning Bylaws, which allow this use in this district.  The only question before the Planning Commission is whether the site plan for the proposed use meets the site plan criteria[5] in the newer Zoning Bylaws.

While the parties have not provided the Court in this case with the Zoning Bylaws in effect in June of 2003, under state statute site plan approval covers the topics of traffic access, circulation, parking, landscaping, screening, and the protection of renewable energy resources.  We note that, while one criterion for conditional use approval is whether an application complies with 'other bylaws,' including those governing site plan review, there is no similarly reciprocal provision in the site plan criteria.  That is, nothing in the site plan review criteria allows consideration of whether the application complies with other bylaws in effect at the time.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant-Applicant''s Motion for Summary Judgment is DENIED in Part and the Town''s Motion for Summary Judgment is GRANTED in Part, in that the site plan application must be reviewed by the Planning Commission on its merits under the site plan criteria of the Zoning Bylaws in effect in June of 2003; but Appellant-Applicant's Motion for Summary Judgment is GRANTED in Part and the Town's Motion for Summary Judgment is DENIED in Part, in that the application shall be forwarded to the Planning Commission for it to consider the merits of the site plan application under the site plan criteria of the Zoning Bylaws in effect in June of 2003.

This decision and order concludes this appeal; any appeal from a decision by the Planning Commission on the merits of site plan approval would be a new appeal and would be assigned a new docket number.

Done at Berlin, Vermont, this 11th day of April, 2005.

_____

Merideth Wright

---

[1]   Only the ZBA decision, not the Zoning Administrator's decision, was provided to the Court; therefore any references to it are as described by the ZBA.

[2]   The statutory provision that an application is to be considered under the new zoning bylaws once they have been proposed for public comment was enacted as a result of this Supreme Court ruling, but did not change the test retrospectively for this case.  See 24 V.S.A. §4449(d), formerly §4443(d).

[3]   24 V.S.A. former §§'4407(2) and 4407(5); now 24 V.S.A. §4414(3) (conditional use approval) and 24 V.S.A. §4416 (site plan review).

[4]   Compare §1600 (site plan review) with §1610(conditional use approval) in the 1995 Zoning Bylaws.  The parties have not provided the bylaws in effect in June of 2003, but the Planning Commission remains responsible for site plan review, while the ZBA handles conditional use approval.

[5]   The Court denied conditional use approval in In re Appeal of Jolley Associates, Docket No. 118-8-01 Vtec (Vt. Envtl. Ct., May 3, 2002) because Appellant-Applicant had failed to show that the proposal would meet the site plan criteria regarding the adequacy of site circulation and had failed to show whether the lighting emanating through the windows and glass blocks of the building would be adequately screened or would violate the performance standards for glare.  Notwithstanding that decision, it is for the Planning Commission in the first instance to rule on whether the 2003 site plan application meets the site plan criteria in the Zoning Bylaws in effect in June of 2003.