STATE OF VERMONT

SUPERIOR COURT                    ENVIRONMENTAL DIVISION
                                  Docket No. 121-10-16 Vtec

| Mahaiwe, LLC SP & CU Application (OTR Appeal) |
| --- |

## ENTRY REGARDING MOTION

Title:          Motion to Supplement the Record (Motion 3)

Filer:          Mahaiwe, LLC

Attorney:       Colin R. Hagan and David J. Shlansky

Filed Date:     August 3, 2017

Response in Opposition filed on 08/17/2017 by Attorney James H. Ouimette for the
    City of Vergennes

**The motion is DENIED.**

Mahaiwe, LLC ("Mahaiwe" or "Appellant") has submitted a Motion to Supplement the Record in its on-the-record appeal of the site plan and conditional use approval for a revised development in the City of Vergennes, Vermont ("the City").

In a September 13, 2016 decision, the City of Vergennes Development Review Board ("DRB") approved Mahaiwe's application for site plan review and conditional use approval to convert the Norton Grist Mill from mixed office and residential use to exclusively residential use, and to develop an accessory building for residential use ("the Project"). Mahaiwe is now appealing conditions included in the September 13, 2016 decision. This Court issued a final judgment on April 28, 2017 affirming the conditions based on the parties' briefings on some of the issues raised in Mahaiwe's Statement of Questions. The Court then granted a Motion for Reargument to allow the parties to argue additional issues. The Court also modified the scheduling order, which gave Mahaiwe an opportunity to file a Motion to Correct or Modify the Record. Pending before the Court is Mahaiwe's Motion to Supplement the Record.

Mahaiwe seeks to supplement the record to include the following items:

1. An application for Site Plan and Conditional Use Review dated March 1, 2016, including attachments to that application filed by Mahaiwe (the "March 2016 Application");[1]

2. A letter dated March 18, 2016, with attachment, from Mahaiwe to the DRB regarding the March 2016 Application;

---

[1] The March 2016 Application was the first application submitted by Mahaiwe for an earlier version of the Project. The DRB denied that application and Mahaiwe did not appeal. The 2016 Application is not directly involved in the application currently before us in this on-the-record appeal.

3.  DRB Decision dated May 5, 2016, regarding the March 2016 Application; and

4.  Mahaiwe's "statement of the evidence" concerning the June 6, 2016, preliminary sketch plan meeting on the 2016 Application.[2]

This is an on-the-record appeal, given that the City has adopted and implemented the procedures necessary for such appeals, as required by 24 V.S.A. § 4471(b). In on-the-record appeals, this Court is governed by V.R.A.P. Rule 10, modified by Rule 5 of the Vermont Rules for Environmental Court Proceedings. In an on-the-record appeal, this Court reviews only the municipal panel decision, the record made before the municipal panel, and the briefs submitted by the parties. In re Saman ROW Approval, No. 176-10-10 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Sept. 2, 2011) (Durkin, J.). We are not authorized to consider evidence not in the record. In re Lawrence Site Plan Approval, No. 166-10-10 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. July 9, 2011) (Durkin, J.); Marble Dealership Realty LLC Site Plan Approval, No. 169-12-13 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Aug. 13, 2014) (Walsh, J.).

Specifically, the procedural rules of this Court limit the record on appeal to "the original papers filed with the municipal panel; any writings or exhibits considered by the panel in reaching the decision appealed from; and a written transcript of the proceedings, whether recorded electronically or stenographically, certified by the presiding officer of the municipal panel as the full, true and correct record of the proceedings." V.R.E.C.P. 5(h)(1)(A). Even if evidence is not properly admitted, it could still become part of the record if the DRB relied on it in making its decision. See In re Grist Mill Horse Barn Redevelopment Plan, No. 205-9-08 Vtec. slip op. at 7 (Vt. Envtl. Ct. Apr. 13, 2010) (Durkin, J.) (noting that the record includes "any writings or exhibits considered by the panel . . . .") (emphasis added)).

Mahaiwe argues that these four items were omitted from the record and should be included pursuant to V.R.A.P. 10(f).[3]

Here, there is no indication that any of the four proffered items were submitted into evidence for the DRB to consider or were relied on by the DRB in rendering its September 13, 2016, decision. At the August 1, 2016, public hearing in which the DRB considered Mahaiwe's pending application, Mahaiwe's attorney—David Shlansky—briefly mentioned the previous application, the DRB decision and the site plan review meeting for the second application, but it does not appear he submitted any related documents into evidence, nor does the DRB appear to have considered or relied on any related documents or the discussion from the preliminary sketch plan meeting. See Transcript of August 1, 2016, DRB hearing. Mr. Shlansky stated that he thought "there was a previous application that was rejected for ten units . . . we . . . had an issue raised about the fencing. So we made the new application . . . and I think that when we spoke in June, the issue was the fencing." Id. at 1. He said there had been a sketch plan meeting, which

---

[2] Mahaiwe seeks to introduce this in lieu of a transcript, pursuant to V.R.A.P. 10(d), since a transcript is not available.

[3] This Rule states in part that "if anything material to either party is omitted by error or accident from, or misstated in, the record, the omission or misstatement may be corrected and a supplemental record may be certified [by the lower court or municipal panel] and forwarded" to the reviewing court. V.R.A.P. 10(f).

he described as an "informal, pre-hearing." Id. These brief mentions, however, did not serve to introduce evidence nor to provide information that the DRB relied on in making its decision.

The issue before us is different from one the Court addressed with the same parties in 2010. At that time, Mahaiwe sought to supplement the record in 2010 after the DRB denied its application for conditional use and site plan approval for the redevelopment of the horse barn on Grist Mill Island, the precursor to the pending Project. Grist Mill, No. 205-9-08 Vtec (Apr. 13, 2010). In Grist Mill, Mahaiwe requested that the Court add a traffic study to the record. Id. at 6–7. This Court granted the motion because the study was discussed in depth during the DRB's public hearing, and the City acknowledged that the DRB relied on that study in reaching its decision. Id. at 7–8.

Neither factor applies in the present case. At the public hearing, the DRB did not discuss the items that Mahaiwe now seeks to add to the record, and the City has specifically said the DRB did not consider Items 1, 2, and 4 in its decision. Mem. in Resp. to Appellant's Mot. to Supplement the R. 2–3.

Mahaiwe asserts that the first three items should be included in the record because they were specifically incorporated in its notice of appeal in this matter. Mahaiwe cites no legal authority, nor are we aware of any, that allows an appellant from a municipal panel decision to unilaterally "incorporate" an earlier, unappealed municipal panel decision into an on-the-record appeal of a later municipal panel decision. We are also unaware how this could make an earlier, unappealed decision part of the record in the later matter. We conclude that the earlier, unappealed decision and related documents, Items 1–3, are not part of the record by virtue of having been "incorporated" into Mahaiwe's notice of appeal in this matter.

Because the proffered items are not part of the record through incorporation, and were not offered into evidence or considered by the DRB, we have no authority to now include them in the record.[4]

Item 4, which is Mahaiwe's request to file a Statement of the Evidence pursuant to V.R.A.P. 10(d), seeks to include evidence from a sketch plan review meeting that the DRB held on June 6, 2016, in order to determine whether Mahaiwe's second application was complete. The City contends that this meeting was not a public hearing; witnesses were not sworn, testimony was not taken under oath, and there was no process for preserving a record. Mem. in Resp. to Appellant's Mot. to Supplement the R. at 3.

It does not appear from the current record that that DRB considered the sketch plan meeting during its hearing on the pending application. A record of the meeting was therefore not made a part of the record now before us by being introduced in the August 1, 2016 hearing, or by the DRB relying on it in reaching its decision.

Mahaiwe seeks to include Item 4 pursuant to V.R.A.P. 10(d), which allows the parties to submit a recollection of the hearing below when a transcript is unavailable. Mahaiwe submits

---

[4] Even though the City has stipulated to the admission of Item 3 into the record, the Court is not free to add evidence that was not before, or considered by, the DRB. See Lawrence Site Plan Approval, No. 166-10-10 Vtec at 1 (July 9, 2011).

that item 4 is its best recollection of matters discussed at a sketch plan review meeting. This offer appears to rest on the theory that the July 6, 2016 sketch plan meeting was part of "the proceedings," as that term is used in V.R.E.C.P. 5(h)(1)(A), and so it should be included in the record. The City argues that this preliminary meeting was not a public hearing, but was more in the nature of an administrative meeting to determine whether the application was complete and ready to be warned for public hearing. In short, the City appears to consider the sketch plan meeting to be a preliminary proceeding that is not a part of "the proceedings" now on appeal before the Court.

The Municipal Administrative Procedure Act, which applies to all on-the-record proceedings pursuant to 24 V.S.A. § 4471(b), is silent regarding the scope of "the proceedings" to be transcribed and included in the record. See 24 V.S.A. § 1201–10.

Our own Court rules are also silent, apart from explaining that "a written transcript of the proceedings" is to be included in the record. V.R.E.C.P. 5(h)(1)(A). Similarly, the appellate rules state only that the record shall include "any transcript of the proceedings." V.R.A.P. 10(a)(2).

The City of Vergennes Zoning and Subdivision Regulations ("the Regulations"), Section 106, define "sketch plan" as:

> A sketch of the proposed subdivision showing information specified in Article II, Section 902.A of these regulations to enable the applicant to save time and expense in reaching general agreement with the Development Review Board as to the form of the subdivision and objectives and requirements of these regulations.

Section 902.A, which is part of the chapter dealing with subdivision review, sets out a detailed sketch plan review process for subdivision applications.

Regulations Section 304 sets out the "general sequence of the review process" for permit applications in general, with ten items listed. The second item is:

> If requested by the zoning administrator or the applicant, the Development Review Board shall conduct a sketch plan review under Section 310 of these regulations to determine whether an application is ready for submission.

Section 310 of the Regulations reads, in part:

> Sketch plan review may be conducted by the Development Review Board at the request of the zoning administrator or applicant. The purpose of Sketch Plan Review shall be to determine whether an application is complete and ready for submission to the zoning administrator . . . . Sketch plan review must be conducted by the Development Review Board after submission of an application in order to determine whether an application before the Board is deemed complete and ready for a public hearing.

Because Section 304 lists sketch plan review as part of the general sequence for reviewing applications, it could be argued that it is part of "the proceedings."

Case law on our vested rights doctrine suggests that sketch plan review may be a preliminary step, separate and apart from the subsequent permit application review process.

See In re Champlain Oil Co., 2004 VT 44, ¶ 11–17, 176 Vt. 458 (submitting application for sketch plan review does not vest rights in subsequent applications for subdivision and site plan review); Appeal of Highlands Development, Co., LLC and JAM Golf, LLC, No. 194-10-03 Vtec, slip op. at 7–8 (Vt. Envtl. Ct. Aug. 11, 2005) (Durkin, J.).  These cases may be distinguished from the case now before us, however, because they address circumstances in which the zoning regulations required the applicant to submit a formal application for sketch plan review, and then submit separate applications for site plan review, Champlain Oil, 2004 VT 44, ¶ 12, or planned unit development review, Highlands Development, No. 194-10-03 Vtec at 7 (Aug. 11, 2005).

Only one application was filed in the instant case.  The cover letter to the application and the property owner signature line on the application forms are dated June 2, 2016, although the administrative portions of the application forms are dated May 24, 2016.  Regardless of which date is the correct submission date, the application was evidently submitted prior to the July 6, 2016, sketch plan meeting.

Because Regulations Section 304 suggests that a sketch plan meeting may be a part of the permit application review process, the Regulations do not separate sketch plan review into a separate application process, and the conditional use and site plan review application was submitted prior to the sketch plan meeting, we conclude that the sketch plan review meeting is a part of the "proceedings" for the purposes of this on-the-record review. As part of the proceedings, Mahaiwe has a right for a record of this proceeding to be included in the record on appeal.[5]

Because there is no transcript available, Mahaiwe has moved to include a recollection of events at the meeting pursuant to appellate rule 10(d).  That Rule provides as follows:

> If a transcript is unavailable, the appellant may prepare a statement of the evidence from the best available means, including the appellant's recollection.  The statement must be served on the appellee, who may serve objections or proposed amendments within 10 days after being served.  The statement and any objections or proposed amendments must then be submitted to the superior court for settlement and approval.  As settled and approved, the statement will be included by the superior court clerk in the record on appeal.

V.R.A.P. 10(d).

It does not appear that Mahaiwe has served the proposed statement of evidence on the City to allow objections or proposed amendments.  In addition, V.R.A.P. 10(d) is written to apply to those who are appealing a superior court decision to the Vermont Supreme Court.  Here, Mahaiwe appeals a DRB decision to the Environmental Division.  Therefore, the DRB takes the role of the superior court in the Rule.  We conclude that the statement of evidence, along with objections and proposed amendments, should have been submitted to the DRB for settlement

---

[5] As an aside, in our preliminary review of Mahaiwe's proposed statement of evidence we have found that it recounts communication between the parties that purportedly occurred outside of the sketch plan meeting.  We have no reason to believe that these should be part of the record, unless introduced as evidence during a formal part of the proceeding.  Our decision here is limited to holding that the events that occurred within the sketch plan review proceeding are part of the proceeding on appeal.

and approval.  The DRB would then be required to forward the statement to this Court as part of the record.  This procedure has not been followed here.

Because Mahaiwe has failed to follow the procedures prescribed by V.R.A.P. 10(d), we are unable to grant its motion to include item 4 in the record pursuant to that rule.  See Okemo Mtn. School Fitness Facility CU/SP, No. 81-7-15 Vtec, slip op. at 2–3 (Vt. Super. Ct. Envtl. Div. Sept. 30, 2016) (Durkin, J.).

Alternatively, Mahaiwe could have moved to include a statement of what transpired at the meeting pursuant to V.R.A.P. 10(f).  That rule reads:

> Correction or Modification of the Record.  If any difference arises about whether the record truly discloses what occurred in the superior court, the difference must be submitted to and settled by that court and the record conformed accordingly. Except as provided in Rule 10(b), if anything material to either party is omitted by error or accident from, or misstated in, the record, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded on stipulation of the parties, by the superior court before or after the record has been forwarded, or by the Supreme Court.  All other questions about the form and content of the record must be presented to the Supreme Court.

This procedure also involves the DRB approving the statement before it is made part of the record.  Because Appellant failed to follow this alternate procedure, we conclude that the record must now be deemed complete and this matter shall proceed to final briefing.  We make this determination, in part, because the Court has provided Appellant with a sufficient reasonable time to follow the proper procedures for supplementing the record.  This matter must now proceed to completion of the parties' briefing, so that a final determination may be made in this on-the-record appeal.

For all these reasons, the Court **DENIES** Mahaiwe's Motion to Supplement the Record. Pursuant to the Court's Entry Order of July 24, 2017, the Court directs that:

1. Appellant's brief on the legal issues remaining from its Statement of Questions (Questions 7, 8, 11, 12, and 14–16) shall be filed no later than **Friday, October 13, 2017**;

2. Appellee/Town's brief shall be filed no later than **Monday, November 13, 2017**, pursuant to V.R.A.P. 31(a)(2); and

3. Appellant's reply brief, if any, shall be filed no later than **Monday, November 27, 2017**, pursuant to V.R.A.P. 31(a)(3).

After that final deadline, this matter will come before the Court for review of the final briefs, research, drafting, and consideration.

**So ordered.**

Electronically signed on September 13, 2017 at Burlington, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge

Notifications:

Colin Hagan (ERN 6141) and David Shlansky (ERN 4766), Attorneys for Appellant Mahaiwe, LLC

James H. Ouimette (ERN 4732), Attorney for Interested Person City of Vergennes