STATE OF VERMONT
ENVIRONMENTAL COURT

|                   | }  |                              |
|-------------------|----|------------------------------|
| Appeal of Hardy   | }  | Docket No. 157-9-04Vtec      |
|                   | }  |                              |

**Decision and Order on the Town's Motion for Summary Judgment**

Appellant John Cito Hardy appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Plainfield dated July 6, 2004, upholding the Zoning Administrator's decision to deny Appellant a zoning permit for an addition to his existing garage. Appellant represents himself; the Town of Plainfield (Town) is represented by Paul S. Gillies, Esq. This matter is before the Court on the Town's Motion for Summary Judgment.

**Factual Background**

The following facts are undisputed unless otherwise noted.

1. Appellant owns two parcels of improved land on both sides of Brook Road in the Town of Plainfield: an 8± acre parcel containing Appellant's home lies on the westerly side of Brook Road, and a 2.2± acre parcel containing Appellant's existing 26' x 50' garage lies on the easterly side of Brook Road.

2. The garage on the easterly side of Brook Road was built in 1980 on what was then a 65± acre parcel owned by Applicant's father, John R. Hardy. This 65± acre parcel included what would eventually become the Applicant's two parcels, referenced above.

3. Appellant originally received title to 10.2± acres by Warranty Deed from Appellant's parents, John R. Hardy and Kathleen M. Hardy to Appellant, in his sole name, on November 30, 1987.

4. The two parcels first became held in separate names when Appellant conveyed the 8-acre parcel on the westerly side of Brook Road to himself and his wife, Kathleen G. Hardy, on August 2, 1988. The 2.2± acre parcel remains in Appellant's sole name, purportedly so that the garage parcel, used in connection with Appellant's logging operation, may remain separate from his family homestead.

5.  At Appellant's request, the Town's Planning Commission determined on June 6, 1991 that both parcels were located in the Forest and Agricultural Lands zoning district. The Planning Commission's determination was not appealed.

6.  Appellant's land has remained in the same zoning district since before the Planning Commission's 1991 decision. See Affidavit of Sarah Albert, Zoning Administrator (Town Attachment 5).

7.  In 1992, Appellant applied to the zoning administrator for a zoning permit to construct a 26' x 50' addition to the existing garage on the 2.2± acre parcel. The Zoning Administrator issued the permit to Appellant.

8.  The Planning Commission appealed the Zoning Administrator's 1992 issuance of the Appellant's permit to the ZBA. The ZBA held hearings and ultimately reversed the Zoning Administrator's decision, on the basis that the 2.2± acre lot did not conform to the zoning regulations, specifically because the minimum lot size in the Forest and Agricultural Lands zoning district is five acres. Zoning Regulations § 4.3. The ZBA decision was not appealed.

9.  On May 19, 2004, Appellant again applied to the Zoning Administrator for a zoning permit to construct a 26' x 50' addition to his existing garage. The Zoning Administrator denied Appellant's application on May 28, 2004, citing the 1992 ZBA decision.

10.  Appellant appealed the Zoning Administrator's denial to the ZBA. The ZBA upheld the Zoning Administrator's decision to deny Appellant's zoning permit application. On September 2, 2004, Appellant appealed from the ZBA decision to this Court.

11.  The Town moved for summary judgment on all issues raised in Appellant's Statement of Questions. Appellant submitted a memorandum in opposition to the Town's motion.

### Discussion

One of the primary questions in this appeal, and one of the initial questions addressed by the Town's Motion, is identifying in what zoning district Appellant's parcels are located. Appellant provided the Court with a considerable amount of historical documentation on possible changes to Plainfield's zoning districts, although it does not appear that Appellant disputes the Town's assertion that for all times material to Appellant's applications for an amended zoning permit, his parcels were located in the Forest and Agricultural Lands zoning

district. See Affidavit of Sarah Albert, Plainfield Zoning Administrator (Town's Attachment #5).

Confusion as to what zoning provisions control can sometimes arise, particularly when a property owner applies for a permit to add to a pre-existing structure. This appeal provides some real examples of what can cause this confusion: the applicable zoning district may change between the time of the original permit and the application for amendment; the configuration of the parcel where the pre-existing buildings lie may change; or the size of the parcel may change, as a consequence of one or more transfers, including reducing the size of the parcel to below the minimum lot size for the current zoning district.

To help minimize that confusion, we look to the application that is the subject of the pending appeal. From this starting point, we can determine what zoning provisions control the pending appeal, under the basic premise that the zoning provisions that apply are those that are in effect "when a 'proper' [i.e. complete] application is filed." In re Champlain Oil Company, 2004 VT 44, ¶11, citing Smith v. Winhall Planning Comm'n, 140 Vt. 178,181-182 (1981).

Appellant filed the application now before this Court on May 19, 2004, requesting that he be permitted to construct a 26' by 50' addition to the existing garage on his 2.2± acre parcel. The zoning regulations, including zoning districts, which control the appeal now before this Court therefore must be the regulations in effect as of May 19, 2004. It appears undisputed that Appellant's 2.2± acre parcel was within the Forest and Agricultural Lands zoning district as of May 19, 2004.

The Town also correctly points out that a previous, unappealed decision of the Plainfield Planning Commission addressed the very issue of what zoning district applied to Appellant's garage parcel. Upon Appellant's request, the Planning Commission determined on June 6, 1991 that Appellant's property was located in the Forest and Agricultural Lands zoning district. Appellant does not dispute that he did not appeal the Planning Commission's 1991 determination. Nor does Appellant dispute, as stated above, the Town's assertion that the zoning districts have not changed since before the Planning Commission's 1991 decision. It therefore appears that the Planning Commission's 1991 determination should be afforded considerable weight on this issue. In fact, the doctrine of finality requires it.

The legislature has made the doctrine of finality applicable to municipal decisions through 24 V.S.A. § 4472, which states that "the exclusive remedy of an interested person with

respect to any decision . . . [from an appropriate municipal panel] shall be the appeal to . . . the environmental court." 24 V.S.A. § 4472(a). Appeals from a municipal decision must be taken within 30 days of that decision. Vt. Rules for Envtl. Ct. Proceedings 5(b)(1). In the absence of a timely appeal, interested persons are bound by the decision of the municipal panel, and they "shall not thereafter contest, either directly or indirectly, such decision . . . in any proceeding." 24 V.S.A. § 4472(d); In re Ashline, 175 Vt. 203, 206 (2003).

Our Supreme Court has repeatedly instructed that the exclusivity of remedy provision contained in 24 V.S.A. § 4472 be strictly construed. See In re Appeal of Tekram Partners, et. al., 2005 VT 92, ¶8, citing City of S. Burlington v. Dep't of Corr., 171 Vt. 587, 588 (2000)(mem.); see also Town of Sandgate v. Colehamer, 156 Vt. 77, 84 (1990). We have been advised that "the broad and unmistakable language of [the exclusivity of remedy] provision is designed to prevent any kind of [subsequent] collateral attack on a zoning decision that has not been properly appealed through the mechanisms provided by the municipal planning and development statutes." City of S. Burlington, supra, at 588-89.

Therefore, based on the exclusivity of remedy provision, the 1991 Planning Commission decision became final and cannot be assailed, except for the narrow exception provided for in 24 V.S.A. § 4472, relating to the facial unconstitutionality of a zoning regulation. See 24 V.S.A. § 4472(b).

Appellant counters that the 1991 Planning Commission decision did not apprise him of his right to appeal that decision, and cites Randolph v. White, 166 Vt. 280 (1990), for support of his argument that this Court should ignore the 1991 decision. That case stands for the proposition that in the context of a notice of zoning violation, due process requires that the notice appraise the alleged violator of certain information. But the Randolph v. White precedent does not broaden that narrow exception to the doctrine of finality found in 24 V.S.A. § 4472 for challenges to the constitutionality of a zoning regulation. See 24 V.S.A. § 4472(b).

In the present case, while the Court sympathizes with Appellant, due to the circumstances surrounding the historical use of his property, we nonetheless find his argument to be unavailing. Appellant does not challenge the constitutionality of any bylaw. Therefore, the exclusivity of remedy provision applies and Appellant is barred from revisiting the issue of whether the 2.2±

acre parcel is located in the Forest and Agricultural Lands zoning district. Thus, summary judgment in favor of the Town on Appellant's Question #2 is appropriate.

We now turn to the question of whether the zoning regulations applicable to Appellant's 2.2± acre garage parcel allow for Appellant's proposed garage addition. The primary determination on this issue, as Appellant correctly points out in his Question #1, is whether the 2.2± acre garage parcel may be regarded as a separate lot.

The Town argues that Appellant's 2.2± acre garage parcel is a separate lot and therefore does not meet the applicable 5 acre minimum lot size for this zoning district. The Town relies upon the Vermont Supreme Court's holding in Wilcox v. Manchester ZBA, 159 Vt. 193 (1992), which established that a town highway serves as a natural subdivision. Id. at 197. While the Town correctly states the import of Wilcox, we need not rely solely on its precedent in this appeal because Appellant, by his own actions, is responsible for the division of his property.

On August 2, 1988, Appellant subdivided[1][*] the 10.8± acres he originally received from his parents by conveying the 8-acre parcel on the westerly side of Brook Road to himself and his wife, thereby leaving the 2.2± acre parcel on the easterly side of Brook Road titled in his sole name. The ZBA made that very determination in its 1992 rejection of Appellant's original application for a permit to add on to his garage. The ZBA decision was not appealed, and therefore became final. The doctrine of finality discussed in more detail above is controlling here as well.

Appellant's Question 3 asks whether Appellant is able to sell the 2.2± acre parcel separately. This question is not answerable in the context of the zoning appeal presently before the Court. In fact, this question appears to be outside the Court's jurisdiction. Therefore, summary judgment in favor of the Town on Question 3 is appropriate.

Question 4 asks why the Town has not addressed "this issue" in over ten years. This question is not relevant to the zoning appeal presently before the Court. It appears that this question is also not within this Court's jurisdiction. Therefore, summary judgment in favor of the Town is appropriate.

---

[1][*] The record does not reveal whether Appellant applied for or received a subdivision permit at the time of this conveyance, nor does the record disclose whether Appellant or any of his predecessors in title requested that the Town acknowledge the separateness of the 8± parcel, by virtue of its division from the remaining land by Broad Brook Road. We leave such an acknowledgement request to Appellant to make, in light of the Wilcox precedent.

Question 5 asks whether Appellant's 2.2± acre parcel is non-conforming because of its size. In light of the discussion above, it appears indisputable that the answer to this question is "yes". Further, the ZBA addressed this issue previously in connection with Appellant's 1992 zoning permit application. In fact, the ZBA's determination that Appellant's 2.2± acre parcel was non-conforming was the specific ground upon which the ZBA reversed the Zoning Administrator's issuance of a zoning permit. Again, the ZBA decision was not appealed, and therefore became final. Appellant is barred from raising this issue in the present appeal. Therefore, summary judgment in favor of the Town is appropriate on Question 5.

Lastly, Appellant argues in his answer to the Town's Motion for Summary Judgment that his 2.2± acre parcel should be granted a variance. However, an application for a variance is not presently before the Court. The Court therefore cannot address such an application in this appeal. Appellant may apply for a variance, but that application must initially be made to the ZBA.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's Motion for Summary Judgment is **GRANTED** as to all pending questions, thereby concluding this appeal. Nothing contained herein shall preclude Appellant from submitting a subdivision or variance application to the appropriate Plainfield municipal panel.

Done at Berlin, Vermont, this 23rd day of August, 2005.

_____
Thomas S. Durkin, Environmental Judge